UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DaimlerChrysler AG and Mercedes-Benz USA, Inc., Plaintiffs, v. Donald H. Bloom and MBZ Communications, Inc., Defendants. | Court File No. 00-325 DSD/JMM **CONFIDENTIALITY STIPULATION AND ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, through their attorneys, hereby stipulate as follows:

1. Concerning discovery proceedings in this action, any party or person may designate as "Confidential" under the terms of this Stipulation and Order any document, material or information containing non-public commercially valuable information and other information properly within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. The designation of such material as Confidential shall be made in the sole discretion of the producing entity.

Documents, material or information that are designated "Confidential" are referred to hereafter as "Confidential Material." Notwithstanding anything to the contrary contained in this Stipulation and Order, neither party shall have any obligation with respect to any document, material or information designated "Confidential" by any party or person, or any portion thereof, which the receiving party can establish by competent proof:

HC26DS4/ 4721/ 26508754.v1 5/19/2000

FILED DEC 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. Is or becomes generally known to companies engaged in the same or similar businesses as the parties hereto on a non-confidential basis, through no wrongful act of the receiving party;

b. Is lawfully obtained by the receiving party from a third party without any obligation to maintain the information proprietary or confidential;

c. Is known prior to disclosure to the receiving party without any obligation to keep it confidential;

d. Is independently developed by the receiving party without reference to the disclosing party's document, material or information designated "Confidential";

e. Is the subject of a written Agreement whereby the disclosing party consents to the disclosure of such document, material or information designated "Confidential";

f. Is at the time of its disclosure in this case demonstrably a part of the public domain; or

g. After the time of disclosure in this case becomes demonstrably part of the public domain, through no wrongful act of the receiving party.

2. The following procedure shall apply to documents, material or information designated Confidential:

a. Any document, material or information produced in response to any written discovery request may be designated as Confidential by the party or person responding thereto by stamping the cover or first page of such document and each succeeding page containing Confidential Material: "CONFIDENTIAL."

b. A party or person may designate any response to any written discovery request, and any appendix, exhibit or document concerning such response or document as Confidential Material by stamping such response or document in the manner described in paragraph 2(a) above.

c. A party may designate any document, material or information received from any person as "Confidential" by notifying the other party, within fifteen (15) days of receipt of the document, material or information, that the document, material or information is Confidential Material.

d. Counsel for any party or person may designate deposition exhibits or testimony or any portion thereof as "Confidential." No objection shall be interposed at deposition that an answer would elicit Confidential Material. At the time of the deposition or within fifteen (15) days after receipt of the deposition transcript, counsel for any party or person may designate exhibits or testimony or any portion thereof as Confidential Material, in which case the reporter of the deposition shall place such exhibits and the transcription of testimony so designated in a separate volume marked in the manner described in paragraph 2(a) above. Any portion of a transcript designated as Confidential shall thereafter be treated as Confidential Material according to this Stipulation and Order. Transcripts shall be treated as Confidential for fifteen (15) days after receipt.

3. If any party believes that a designation of any document, material or information by any other party or person as Confidential Material is unwarranted or that objection to disclosure to any person is unreasonable, it may so inform the designating party or person in writing. Upon receiving such written objection, the interested parties or persons shall negotiate in good faith to resolve their differences, and upon failing to reach agreement at the completion of such negotiations, the party objecting to the designation or objecting to disclosure may file a motion with the Court for a ruling on its objection. No disclosure of any documents, material or information designated as Confidential Material shall be made before the Court decides that such designation or objection to disclosure was improper. In any proceeding challenging the propriety of the designation of any document, information or material as Confidential Material, the party or person who has designated the document, material or information as Confidential shall bear the burden of establishing the propriety of that designation.

In ruling upon such a motion, if a producing or requesting party or person is found by the Court not to have acted in good faith in making or opposing a designation of Confidential Material, or in making or opposing an objection to disclosure, the party or person so found shall

be liable for the reasonable costs and attorneys' fees incurred in successfully challenging or defending the motion.

4. Confidential Material shall be used solely for this litigation and not for any business or other purpose whatsoever. Confidential Material shall be disclosed only to the following persons:

a, Counsel of record for any party engaged in the litigation of this action (both outside and in-house counsel employed by a party) and professional, clerical, secretarial and other support personnel of such counsel;

b. Employees of the named parties to this litigation, including their affiliates;

c. Experts and consultants retained to assist counsel for any party in this litigation;

d. Witnesses during deposition or at trial, in the good faith belief of counsel that examination with respect to Confidential Material is necessary for legitimate discovery purposes, provided that the witness is first informed of the terms of this Stipulation and Order and agrees to be bound by its terms;

e. This Court and its employees, the trier of fact and court reporters transcribing testimony herein (whether during deposition or trial testimony) and notarizing officers.

5. In addition to those persons who may receive Confidential Material under paragraph 4 above:

a. A present employee or representative of a party may be examined and may testify concerning all documents, material and information designated as Confidential Material by that party;

b. A former employee, representative, or consultant of a party may be examined and may testify concerning all documents, material and information designated as Confidential Material by that party to which said former employee, representative, or consultant had access during the time of his employment or association with that party; and

c. Persons may be examined and may testify concerning all documents, material and information designated as Confidential Material which appear on its face to have been received by or communicated to the person.

6. Nothing herein shall prohibit the disclosure of a document, material or information designated as Confidential Material to the person the document identifies as an author or addressee or copy recipient of such document.

7. Persons not identified in paragraph 4 may be interviewed or examined by any party concerning Confidential Material, including the disclosure thereof, when that person had prior knowledge of the Confidential Material.

8. Before the disclosure of Confidential Material to any person described in the preceding paragraphs, counsel for the party disclosing Confidential Material shall provide such person with a copy of this Stipulation and Order and shall advise them that the disclosure of Confidential Material is subject to its terms. Confidential Material shall be disclosed to an expert or consultant only after the expert or consultant has signed a copy of the attached form of "Commitment to Comply With and Be Bound by Protective Order." Counsel for each party shall retain copies of the "Commitments" signed by experts or consultants. On request of counsel for any party or person producing Confidential Material, counsel for any party receiving such Confidential Material shall certify that he or she has complied with the provisions of this paragraph.

9. All pleadings, motions, briefs, and other papers filed of record with the Court that contain Confidential Material shall be filed under seal, and such pleadings, motions, briefs or other papers filed of record shall be maintained by the Clerk under seal. The party filing such pleading, motion, brief or other paper shall place them in sealed envelopes or other appropriate

sealed container bearing the caption of this action, the title of the document and the legend: "Contains Confidential Material Filed Under Seal Pursuant to Order of the Court." The parties shall comply with any notices or orders from the Court regarding procedures for filing Confidential Material.

10. This Stipulation and Order shall not be deemed a waiver of:

a. Any party's right to object to any discovery requests on any ground or to seek a protective order with respect to any such discovery request;

b. Any party's right to seek an order compelling discovery with respect to any discovery request;

c. Any party's right to object to the admission of any evidence on any ground; or

d. Any party's right to seek the modification of this Stipulation and Order upon reasonable notice to all other parties.

11. No party shall be obligated to challenge the propriety of the designation of any material as Confidential Material and failure to do so promptly shall not preclude any subsequent objection of such designation or a motion to seek a determination as to the propriety of such designation or to otherwise modify the provisions of this Stipulation and Order.

12. This Stipulation and Order shall remain effective after the litigation. Within thirty days after conclusion of all aspects of the litigation, stamped Confidential Material and all copies in the files of all attorneys and all other persons who have possession of such matter shall be returned to the producing party, or, at the option of the producing party, shall be destroyed, except that outside counsel for each party may maintain in its files one copy of such Confidential Material and all work product derived from such material. All counsel of record shall certify their compliance with this paragraph by themselves, and shall obtain certification from their

clients and their experts and consultants retained by them, and not more than 30 days after final determination of the litigation shall deliver to counsel for the producing party the certifications.

13. The inadvertent disclosure of privileged matter by a producing party or its counsel shall not constitute a waiver of any applicable privilege or immunity. If matter which is privileged or immune from disclosure is inadvertently disclosed, the producing party shall give notice promptly after discovery of the inadvertent disclosure that the matter is privileged and the receiving party shall immediately return the designated material upon such demand. Any person wishing to bring the issue of privilege to the court may do so after the material has been returned. The production of any document, material or information by any party under this Order shall be without prejudice to any claim that the material is privileged or immune from discovery and no party shall be held to have waived any rights by said production. In addition, the disclosure of Confidential Material does not constitute a waiver of any trade secrets or intellectual property rights to or in such information.

14. To facilitate the inspection of large volumes of documents without the need to first affix a designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of selecting those to be copied, and the producing party need only thereafter affix the Confidential designation to the copies of the documents selected to be copied. In this event, the receiving party will treat all information learned in its initial inspection which is not contained in the copied documents as Confidential Material.

15. In the event any party or person having possession, custody or control or knowledge of any Confidential Material receives a subpoena, other process or order to provide

such Confidential Material, such party or person shall promptly notify counsel for the party that produced the Confidential Material and shall furnish a copy of such subpoena, other process or order by facsimile and overnight mail. The party or person in receipt of such a subpoena, other process or order shall cooperate with the producing party with respect to any procedure sought to be pursued by the producing party whose interests may be affected. The party asserting the confidential status of Confidential Material shall have the obligation of defending that status against the subpoena, other process or order. The party or person receiving the subpoena, other process or order shall be entitled to comply with it, except to the extent the producing party asserting the confidential status of the Confidential Material is successful in obtaining an order modifying or quashing the subpoena, other process or order.

Dated: 11/28/00, 2000.

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

By [signature]

Elliot S. Kaplan Reg. No. 53624
Randall Tietjen Reg. No. 214474
Thomas C. Mahlum Reg. No. 025391
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

ATTORNEYS FOR DEFENDANTS DONALD H. BLOOM AND MBZ COMMUNICATIONS, INC.

Dated: 11/29, 2000.

HINSHAW & CULBERTSON

By ______________________

Allen W. Hinderaker Reg. No. 45287
Brian J. Slovut Reg. No. 236846
3100 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 333-3434

ATTORNEYS FOR PLAINTIFFS
DAIMLERCHRYSLER AG AND MERCEDES-BENZ USA, INC.

SO ORDERED this 5 day of December, 2000.

______________________
United States District Court Magistrate Judge

**COMMITMENT TO COMPLY WITH AND**
**BE BOUND BY PROTECTIVE ORDER**

This is to certify that the undersigned has read and is fully familiar with the provisions of the stipulation and order governing confidentiality approved by Magistrate Judge ____________________ on ____________, 2000, in the above-referenced litigation.

As a condition precedent to my examination of any of the documents covered by the stipulation and order, or my obtaining any information covered by the stipulation and order, I hereby agree that the stipulation and order shall be deemed to be directed to, and shall include, me, and I shall observe and comply with the provisions of the stipulation and order.

I understand that any disclosure of documents covered by the stipulation and order to any person except as authorized in the stipulation and order constitutes contempt of court, and I hereby consent to the exercise of jurisdiction over my person by the United States District Court for the District of Minnesota for the purpose of enforcing the stipulation and order.

______________________________
Name

______________________________
Address

Date: ____________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.