UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-325(DSD/JMM)

DaimlerChrysler AG and
Mercedes-Benz USA, Inc.,

Plaintiffs,

v.

**ORDER**

Donald H. Bloom and MBZ
Communications, Inc.,

Defendants.

Allen W. Hinderaker, Esq. and Merchant and Gould, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402 and Russell S. Ponessa, Esq., Brian J. Slovut, Esq. and Hinshaw & Culbertson, 222 Ninth Street South, Suite 3100, Minneapolis, MN 55402, counsel for plaintiffs.

Elliot S. Kaplan, Esq., Randall Tietjen, Esq., Thomas C. Mahlum, Esq. and Robins, Kaplan, Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on the parties' cross-motions for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendants' motion.

**BACKGROUND**

Plaintiff DaimlerChrysler AG ("DaimlerChrysler") is the owner of the federally registered trademarks MERCEDES and MERCEDES-BENZ,

FILED 10-9-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 10-9-01
Deputy Clerk's Initials ______

and plaintiff Mercedes-Benz USA, Inc. ("Mercedes-Benz") is the exclusive licensee of those trademarks in the United States. Pursuant to the Lanham Act, plaintiffs sued defendants Donald Bloom and MBZ Communications ("MBZ") for trademark infringement, unfair competition, false designation of origin, and dilution of trademarks based upon defendants' alleged use of the telephone number 1-800-637-2333, one mnemonic translation of which is 1-800-MERCEDE(S). In their amended complaint, plaintiffs also include related state-law claims under the Deceptive Trade Practices Act, Minn. Stat. § 325D.44 *et seq.* (2000), the Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.* (2000), and the Minnesota dilution statute, Minn. Stat. § 333.285 (2000), as well as common law unfair competition.

Defendant Donald Bloom formed MBZ in 1994 and continues to direct and control the company's activities. Defendant MBZ licenses the telephone number 1-800-637-2333 to Mercedes-Benz dealers. For a fee, MBZ allows these dealers to use "the telephone number 1-800-637-2333 and/or its mnemonic translation" in specific area codes. All calls to 1-800-637-2333 originating within a specified area code are automatically routed to the dealership that acquired the right to the number in that area code. In addition to providing call-routing and billing services, MBZ also provides its customers with an analysis of calling patterns within their specified area codes.

Calls to 1-800-MERCEDE(S) that originate from area codes that have not been assigned to specific dealerships are routed to MBZ's office in Owatonna, Minnesota. MBZ also receives calls placed to 1-888-MERCEDE(S), 1-877-MERCEDE(S), 1-866-MERCEDE(S), 1-800-4MERCED(ES), 1-877-4MERCED(ES), and 1-888-4MERCED(ES). Defendants have not licensed any of these other numbers. Defendants acknowledge that some of the calls received in Owatonna, Minnesota are from consumers intending to reach the Mercedes-Benz Client Assistance Center. (Def.'s Mem. Supp. Mot. Summ. J. at 2.) At the Client Assistance Center, Mercedes customers are able to receive a number of services by calling 1-800-FOR-MERCEDES, toll-free. Some Mercedes-Benz customers mistakenly call 1-800-637-2333, or 1-800-MERCEDE(S), when trying to reach this center.

While both parties agree that since October 2000 MBZ has told callers trying to reach Mercedes-Benz that they have reached the wrong number, parties dispute how MBZ employees responded to those consumers who mistakenly called 1-800-637-2333 prior to October 2000. Plaintiffs allege that MBZ employees attempted to direct callers to dealers with whom it had entered into agreements. Defendants deny this allegation. Plaintiffs also allege that defendants' employees told confused callers that they had reached Mercedes-Benz and took orders from consumers calling to purchase Mercedes-Benz merchandise from the Mercedes-Benz catalogue.

Although MBZ receives many calls to 1-800-637-2333, MBZ does not advertise or promote this number or its mnemonic translation to consumers. (Bloom Aff. at ¶ 21; Malhum Aff. at Ex. 5, p. 39 (Juron depo.)). Some MBZ clients, all of whom are authorized Mercedes-Benz dealers, independently advertise this number and its mnemonic translation. (Bloom Aff. at ¶ 21; Malhum Aff. at Ex. 5, p.31-32 (Juron depo.)). Plaintiffs have never informed these clients that they object to such advertising or otherwise sought to prevent them from using this number. (Malhum Aff. at Ex. 1, p.42 (Kelly depo.)). Yet, plaintiffs do seek to enjoin defendants' use of this number in their summary judgment motion. As will be discussed, the court denies plaintiffs' motion and grants defendants' motion for summary judgment.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. The Lanham Act**

Plaintiffs contend that defendants violate the Lanham Act by their "use" of the MERCEDES and MERCEDES-BENZ trademarks. Plaintiffs claim that defendants use plaintiffs' trademark by licensing 1-800-MERCEDES to others, by receiving thousands of calls per month placed to the number from consumers who intend to reach Mercedes-Benz, by receiving calls from consumers who intend to

reach an authorized Mercedes-Benz dealership, and by having accepted orders in the past for Mercedes-Benz merchandise placed to 1-800-MERCEDES. The court finds, however, that defendants did not use plaintiffs' trademarks MERCEDES and MERCEDES-BENZ. The court therefore concludes that defendants did not violate the Lanham Act.

To constitute a Lanham Act violation, defendants must use plaintiffs' trademark or a misleading representation of it. Holiday Inns, Inc. v. 800 Reservation, Inc., 86 F.3d 619, 626 (6th Cir. 1996)("defendants' use of a protected mark or their use of a misleading representation is a *prerequisite* to the finding of a Lanham Act violation."), cert. denied 519 U.S. 1093 (1997); Miss Dig Sys., Inc. v. Power Plus Eng'g, Inc., 944 F. Supp. 600, 602 (E.D. Mich. 1996)(stating that the court must first make a finding that defendant made an actual use of plaintiff's trademark before the court reaches the question of "likelihood of confusion"); U-Haul Int'l Inc. v. Kresch, 35 U.S.P.Q.2d 1317, 1319 (E.D. Mich. 1994)("plaintiff must show that defendants used plaintiff's trademark, or a copy, reproduction, counterfeit or colorable imitation, in connection with the sale or advertising of their goods.").

The language of the Lanham Act requires "use" in order to be liable for trademark infringement, false designation of origin, or dilution. Section 32 of the Lanham Act, related to infringement, forbids the "*use* in commerce [of] any reproduction ... or colorable

imitation of a registered mark in connection with the sale ... or advertising of any goods or services ... which ... is likely to cause confusion." 15 U.S.C. § 1114(1)(a)(emphasis added). Section 43(a) of the Lanham Act, related to false designation of origin, creates a cause of action against a party who "*uses* in commerce any word, term, name ... or any false designation of origin ... or false or misleading representation of fact, which ... is likely to cause confusion." 15 U.S.C. § 1125(a)(1)(emphasis added). Section 43(a), which relates to dilution, only prohibits "another person's commercial *use* in commerce of a mark [of another]." 15 U.S.C. § 1125(c)(emphasis added).

Mere use of a telephone number, without the active promotion or advertising of the corresponding mnemonic trademark name, does not constitute "use" of plaintiffs' trademark under the Lanham Act. Cline v. 1-888-Plumbing Group, Inc., 146 F. Supp.2d 351, 370 (S.D.N.Y. 2001)("merely placing into operation a toll-free telephone number, without active promotion or advertising of the corresponding mnemonic, does not constitute infringement...."); see also Holiday Inns, 86 F.3d at 624 (concluding that defendants did not use the plaintiff's trademark because defendants engaged in only minimal advertisement of their travel agency and never promoted a vanity number); Miss Dig Sys., 944 F. Supp. at 604-05

("the controlling factor is simply whether the defendant promotes itself using an alphanumeric translation of its telephone number that incorporates and displays plaintiff's trademark.").

In Holiday Inns, Holiday Inns, Inc. filed a Lanham Act suit against defending travel agents, alleging that defendants infringed upon Holiday Inns' trademark telephone number, 1-800-HOLIDAY. Holiday Inns, Inc. v. 800 Reservation, Inc., 86 F.3d at 620. Defendants received calls to 1-800-H0[zero]LIDAY when potential Holiday Inns' customers misdialed Holiday Inns' number by substituting a zero for the letter "O." Id. at 620. The defendants admitted that their "sole purpose" in choosing the number 1-800-H0[zero]LIDAY was to intercept those misdialed calls. Id. at 621. Nevertheless, the Sixth Circuit held that the defendants did not violate the Lanham Act because they did not actually "use" Holiday Inns' trademark. Id. at 625. In reaching this decision, the court emphasized that defending travel agents never promoted the telephone number 1-800-H0[zero]LIDAY. Id. at 623-24.

The court reached a similar result in Miss Dig Sys., Inc. v. Power Plus Eng'g, Inc., 944 F. Supp. 600 (E.D. Mich. 1996). The court held that

> a defendant who adopts a telephone number which permits it to intercept calls intended for the plaintiff's alphanumeric telephone number is not liable for trademark infringement or unfair competition under the Lanham Act if that defendant merely acquires

> and uses the telephone number and never undertakes any promotion of an alphanumeric translation of that number that incorporates and displays the plaintiff's trademark.

Id. at 604. Based on this holding, the court granted summary judgment against the plaintiff's Lanham Act claims because the court found that the defendants never advertised the allegedly infringing vanity number. Id. at 605; see also U-Haul Int'l Inc. v. Kresch, 35 U.S.P.Q.2d 1317, 1319 (E.D. Mich. 1994)(finding that former U-Haul dealer could not be enjoined under Lanham Act for using the number corresponding to 1-800-GO-U-HALL because the dealer never directly use the alpha-numeric translation in promoting its business.).

Here, the court finds that defendants never used plaintiffs' trademark. Similar to the defendants in Holiday Inns, the court recognizes that defendants Bloom and MBZ intercepted calls from consumers intending to contact Mercedes-Benz. No evidence, however, suggests that defendants ever used the trademark by advertising or promoting the number 1-800-637-2333. The court is aware that this number's only value to the defendants is its alpha-numeric translation, 1-800-MERCEDE(S). Nevertheless, the court concludes that merely receiving calls to this number, despite its mnemonic translation, does not constitute use of plaintiffs' trademark.

While the fact that defendants licensed the number and/or its mnemonic translation troubles the court, licensing alone is

insufficient to invoke the protection of the Lanham Act. See Cline v. 1-888-Plumbing Group, Inc., 146 F. Supp.2d at 371 (explaining defendant's plans to license a vanity number and suggesting that a key aspect of use under the Lanham Act is whether defendants promoted the vanity number). If the court were to hold that licensing alone constituted use under the Lanham Act, then the Act would be invoked in so many situations with mnemonically suggestive telephone numbers that the Act would greatly infringe upon the free use of such numbers.

Because defendants did not use the plaintiffs' trademark, the court concludes that defendants did not violate the Lanham Act. Specifically, plaintiffs' claims of trademark infringement and unfair competition, false designation of origin, and dilution fail because, under the Lanham Act, each of these claim requires "use" of plaintiffs' trademark or a misleading representation of it and defendants' did not engage in such "use."

**III. State Law Claims**

The analysis applicable to the plaintiffs' Lanham Act claims is equally applicable to their state-law claims.[1] See Med. Graphics Corp. v. Sensormedics Corp., 872 F. Supp. 643, 649 (D.

---

[1] Plaintiffs' acknowledge that the court should apply the same analysis to plaintiffs' state law claims as to their federal claims. (Pl.s' Mem. Supp. Mot. Summ. J. at 14.) As a result, the court does not engage in an independent analysis of plaintiffs' state law claims. Instead, the court applies its analysis of plaintiffs' federal claims to their state-law claims.

Minn. 1994)(stating that the Minnesota district courts have found that "the Minnesota Deceptive Trade Practices Act mirrors the Lanham Act" and have applied the same analysis to both claims under both Acts); DeRosier v. 5931 Bus. Trust, 870 F. Supp. 941, 947-48 n.8 (D. Minn. 1994)(applying the same analysis to claims under the Lanham Act and the Minnesota Deceptive Trade Practices Act); Alternative Pioneering Sys., Inc. v. Direct Innovative Prod., 822 F. Supp. 1437, 1441-42 (D. Minn. 1993)(applying the same analysis to claims under the Lanham Act, the Minnesota Deceptive Trade Practices Act, Minnesota Unlawful Trade Practices Act); Minn. Stat. § 333.285(a)(2000)(requiring defendants' commercial "use" of plaintiffs mark or trade name). As a result, plaintiffs' state law claims fail for the same reason that plaintiffs' federal claims fail: defendants did not use plaintiffs' trademarks.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for summary judgment is denied;

2. Defendants' motion for summary judgment is granted and plaintiffs' claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 9, 2001

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500